UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

JOHN LOIACONO, CONCORD ELECTRIC
CORPORATION, CERDA GROUP CORP., and
715 MAPLE STREET LLC, a/k/a 705 MAPLE
STREET CORP LLC,

          **DECISION AND ORDER**
          13-CV-091S

      Plaintiffs,

  v.

TIMOTHY J. GEIDEL, GEORGETOWN
CAPITAL GROUP, INC., and ROYAL ALLIANCE
ASSOCIATES, INC.,

      Defendants.
───────────────────────────────

## I. INTRODUCTION

The present action is one for money damages resulting from a fraudulent financial scheme for which Defendant Timothy Geidel was criminally convicted in April 2012.[1] On August 29, 2012, Plaintiffs filed a summons with notice in New York State Supreme Court, Erie County. Defendants Georgetown Capital Group, Inc. ("Georgetown") and Royal Alliance Associates ("Royal Alliance") were served with the summons and notice approximately four months later.[2] The summons and notice states that the nature of the action was:

> [A] claim for money damages arising from monies received by the Defendant, Timothy J. Geidel, from the Plaintiffs in exchange for fraudulent investments / securities / certificates of deposit / promissory notes, during a time when Defendant, Timothy J. Geidel, was employed by, licensed, or

---

[1] See United States v. Geidel, 11-CR-12S.
[2] There is no indication in this record that Defendant Geidel, who is currently incarcerated, was ever served in this matter.

1

>   otherwise affiliated with and / or an agent of Defendant Georgetown Capital Group, Inc. and Royal Alliance Associates, Inc.

(Docket No. 1 at 8.) As a result, the notice alleges that Defendants are liable for "fraud, unjust enrichment, deceptive business practice, actual authority, apparent authority, *Respondeat Superior*, negligence and vicarious liability." (Id. at 9.)

All three Defendants jointly removed the matter to this Court on January 28, 2013. (Docket No. 1.) Defendants asserted in their notice of removal that federal question jurisdiction exists because Plaintiffs' claims, upon information and belief, would be the same or similar as those raised in previously filed federal civil actions against the same Defendants. (Docket No. 1 ¶ 1.) The complaints in those actions alleged violations of the Securities and Exchange Act of 1934 as well as state law claims of fraud, unjust enrichment, and conversion. (See Forti v. Geidel et al., No. 10-CV-793A(F), Docket No. 1; DiRosa v. Geidel et al., No. 11-CV-49S(F), Docket No. 1.) Accordingly, Defendants argued that Plaintiffs' claims in the instant action "appear to involve the same federal securities statutes at issue in the Forti and DiRosa litigation, including whether Georgetown and Royal Alliance Associates, Inc., are liable as 'controlling persons' under 15 U.S.C. § 78t." (Docket No. 1 ¶ 7.) As a result, jurisdiction was asserted based on both 28 U.S.C. § 1331 (federal question) and § 1337 (action arising under Act of Congress regulating commerce).

No action was taken by Plaintiffs following removal for six months, prompting this Court to order Plaintiffs to show cause why the case should not be dismissed. (Docket No. 6.) Plaintiffs' counsel averred that he believed the matter was being held in abeyance due to the Court's automatic referral of this matter to mediation and the pending

resolution of certain issues in Forti and DiRosa. (Morse Aff ¶¶ 6-13, Docket No. 7.) The case was permitted to proceed, and Plaintiffs moved to remand the matter back to state court. (Docket Nos. 8, 9.) Defendants Georgetown and Royal Alliance each opposed the motion to remand, and jointly moved to dismiss the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for the failure to timely serve a complaint. (Docket Nos. 13, 14.)

Both motions are now fully briefed, and the Court finds oral argument unnecessary.

## II. DISCUSSION

### A. Defendants' Motion to Dismiss

Defendants request that the issue of dismissal for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Service be resolved prior to consideration of Plaintiffs' motion to remand. Generally, a court should consider the issue of subject matter jurisdiction first because, if dismissal is warranted on this ground, any additional defenses or objections become moot. Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990). As such, this Court declines to address the asserted insufficiency of service, which even if meritorious would not necessarily warrant dismissal, prior to determining subject matter jurisdiction. See Fed. R. Civ. P. 4(m) (following untimely service, a court may either dismiss the complaint without prejudice or impose a deadline for completion). Further, because this Court finds that remand is warranted for the reasons discussed below, the motion to dismiss is denied as moot.

**B.      Plaintiffs' Motion to Remand**

"Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." United Food & Comm. Workers Union v. CenterMark Props. Meriden Square, 30 F.3d 298, 301 (2d Cir. 1994).  Removal jurisdiction is strictly construed in light of the limited jurisdiction of federal courts and out of respect for states' rights, with all doubts resolved against removal. In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007).

Defendants assert that this Court has subject matter jurisdiction over the present action based on the existence of a substantial federal question.  Generally, 28 U.S.C. § 1331[3] invests in a district court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  As a result, federal question jurisdiction is most commonly found where a plaintiff pleads a cause of action created by federal law. Grable & Sons Metal Products v. Darue Engineering & Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).  If no such claim is alleged, federal question jurisdiction may nevertheless still exist: "(1) when Congress expressly so provides; (2) when a federal statute wholly displaces the state-law cause of action through complete preemption; and (3) where an element of the plaintiff's state law claim turns on a substantial federal question and exercising jurisdiction would not disrupt the balance intended by Congress between state and federal courts." Citigroup, Inc. v.

---

[3] Although cited in their notice of removal, Defendants do not reference in their opposition to remand 28 U.S.C. § 1337, which recognizes a district court's jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

Wachovia Corp., 613 F. Supp. 2d 485, 490 (S.D.N.Y. 2009) (internal quotation marks and footnotes omitted); see Grable & Sons Metal Products, 545 U.S. at 312; Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003).

"To determine whether the claim arises under federal law, a court examines the 'well-pleaded' allegations of the complaint and ignores potential defenses." Citigroup, Inc., 613 F. Supp. 2d at 490 (citing Beneficial Nat'l Bank, 539 U.S. at 6). Thus, "the plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).

Further, the appropriateness of removal is evaluated by the pleadings as they existed at the time the petition for removal was filed. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57-58 (2d Cir.2006); Vera v. Saks & Co., 335 F.3d 109, 116 n. 2 (2d Cir. 2003). Here, the only document filed in state court at the time of removal was the summons and sparsely-worded notice. Despite this, Defendants removed the matter to federal court, without first making a demand for a complaint pursuant to N.Y. C.P.L.R. § 3012(b), upon the belief that the asserted claims would ultimately be the same as or similar to those raised in previously filed federal civil actions against the same Defendants. (Docket No. 1 ¶1.) The complaints in those previously filed actions, however, alleged violations of federal securities law, specifically the Securities and Exchange Act of 1934, *in addition to* state law claims identical to those asserted by Plaintiffs in their notice here, such as common law fraud, unjust enrichment, and the liability of Defendants Georgetown Capital and Royal Alliance under theories of *respondeat superior* and actual and apparent authority. (See Forti v. Geidel et al., No. 10-CV-793A(F), Docket No. 1; DiRosa v. Geidel

5

et al., No. 11-CV-49S(F), Docket No. 1.)   Further, there is no dispute that Plaintiffs' notice contained no reference to federal law.   Accordingly, Defendants cannot be said to have met their burden of establishing that the pleadings filed at the time of removal support the assertion of federal question jurisdiction.   See Vera, 335 F.3d at 116 n. 2.

Moreover, even if the proposed complaint, which as of this date has still not been filed or served on Defendants, were appropriately considered, remand would still be warranted. Defendants argue that "although couched in state law vernacular, Plaintiffs' claims . . . arise out of their potential liability as 'control persons' under §20(a) of the Securities and Exchange Act of 1934," and therefore resolution of these claims "necessarily implicates determinations driven by securities laws." (Georgetown Mem of Law in Opp'n at 5, Docket No. 13.)   This argument is undeveloped, inasmuch as Defendants do not appear to argue that Plaintiffs' state law claims are preempted by federal securities law.   In any event, such an argument would be without merit here. See 15 U.S.C. § 78bb(a)(2),(f) (with the exception of certain class actions, the rights and remedies afforded by the Securities and Exchange Act of 1934 "shall be in addition to any and all other rights and remedies that may exist at law or in equity"). Similarly, resolution of Plaintiffs' claims as alleged will not require consideration of federal securities law with respect to "control persons" under 15 U.S.C. §78t, as this statute provides a theory of liability distinct from and in some respects broader than that found under common law. See generally In re Atlantic Fin. Mgmt., 784 F.2d 29, 30-31 (1st Cir. 1986), *cert denied*, 481 U.S. 1072 (1987); Marbury Mgmt. v. Kohn, 629 F.2d 705, 716 (2d Cir. 1980), *cert denied*, 449 U.S. 1011 (1980).

Finally, unlike D'Alessio v. New York Stock Exchange, on which Defendants rely,

here there are no allegations in the proposed complaint that Defendants "conspired to violate the federal securities laws" or failed to perform a statutory duty created under federal law raising a substantial question of federal law. 258 F.3d 93, 101-02 (2d Cir. 2001), *cert denied*, 534 U.S. 1066 (2001).  Plaintiffs have therefore purposefully limited their action to state law claims, and Defendants may not base federal jurisdiction on a theory that Plaintiffs have not advanced. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 810 n. 6, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986).

Plaintiffs' motion to remand is therefore granted.  The request pursuant to 28 U.S.C. § 1447(c) for costs and fees associated with the motion to remand is, however, denied.  Although Defendants acted prematurely and ultimately without grounds, Plaintiffs compounded the delay by failing to take any action for over six months and, as of this date, the complaint still has not been filed or served on Defendants.

### III.  CONCLUSION

Defendants failed to meet their burden of establishing that federal subject matter jurisdiction exists in this case.   Plaintiffs' motion to remand is therefore granted with the exception of their request for related costs and attorneys' fees, and Defendants' motion to dismiss is denied as moot.

### IV.  ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' Motion to Remand (Docket No. 8) is GRANTED to the extent stated above;

FURTHER, that Defendants' Motion to Dismiss (Docket No. 14) is DENIED as

7

moot;

FURTHER, that the Clerk of the Court is directed to transfer this case to the New York State Supreme Court, County of Erie;

FURTHER, that the Clerk of Court is directed to take such steps as necessary to close this case.

SO ORDERED.

Dated:   August 11, 2014
         Buffalo, New York

                                             s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             Chief Judge
                                             United States District Court